IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

       Plaintiff,

   v.

DERON NIXON,

       Defendant.

Criminal No. 11-0045-017
Civil No. 14-cv-00821

**ELECTRONICALLY FILED**

## MEMORANDUM ORDER RE: DEFENDANT'S MOTION TO VACATE UNDER 28 U.S.C. § 2255 (DOC. NO. 1357)

### I. Introduction

In early 2011, Defendant, along with 24 others, was indicted for his role in a heroin distribution ring. Doc. Nos. 1 and 273. Defendant was charged with the following counts:

- Count I: conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin, a schedule I controlled substance, in violation of 21 U.S.C. § 846;
- Count VII: distribution and/or possession with intent to distribute a quantity of heroin, a schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C); and
- Count VIII: possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i)

Jury selection and trial were scheduled to begin on October 29, 2012. Doc. No. 965. On October 15, 2012, Defendant, through counsel, filed notice of his intention to waive his right to a jury trial pursuant to Rule 23(a)(1) of the Federal Rules of Criminal Procedure. Doc. No. 1078. On October 22, 2012, the Court held a Preliminary Pretrial Conference, during which time Defendant was colloquied on his desire to waive his right to a trial by jury. Doc. No. 1100. Defendant orally waived his right to a trial by jury during this conference. Id. On October 24, 2012,

pursuant to a plea agreement, Defendant withdrew his plea of not guilty and pled guilty to a lesser included offense at Count 1 of the Superseding Indictment of conspiracy to distribute and possession with intent to distribute at least 100 grams, but less than one kilogram, of a mixture or substance containing a detectable amount of heroin.  Doc. No. 1108.  The plea agreement contained waiver of appellate rights clauses that provided that Defendant waived his right to take a direct appeal from his conviction or sentence except in three limited circumstances and that he "further waives the right to file a motion to vacate sentence, under 28 U.S.C. § 2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence."

On February 12, 2013, the Court held a sentencing hearing.  The applicable advisory guideline range, based upon an offense level of 33 and a criminal history category IV, was 188-235 months imprisonment.  Doc. No. 1236.  A mandatory minimum of 120 months imprisonment applied.  Id.  The Court sentenced Defendant to a 170 month term of imprisonment to be followed by an 8 year term of supervised release.  Doc. No. 1247.  Counts 7 and 8 of the Indictments were dismissed based upon the Government's oral motion to dismiss.  Because Defendant was sentenced below the guideline range and the Government did not appeal Defendant's sentence, none of the exceptions to Defendant's waiver of appellate rights apply.

On February 18, 2013, Defendant filed a notice of appeal from this Court's Judgment Order.  Doc. No. 1258.  The United States Court of Appeals for the Third Circuit granted the Government's Motion for Appellate Waiver and Summary Affirmance and thereby affirmed this Court's Judgment.  Doc. No. 1308.

Presently before this Court is Defendant's *pro se* Motion to Vacate under 28 U.S.C. §

2255. Doc. No. 1357. Defendant contends that his counsel, Lee Markovitz, was ineffective because counsel did not:

> (1) adequately explain the consequences of his appellate and collateral waivers; or
> (2) inform Defendant that he could elect to proceed to be tried by a jury after he waived that right;

Defendant also contends that:

> (1) he did not knowingly, intelligently, and voluntarily waive his right to trial;
> (2) the Court improperly advised Defendant that he was facing a mandatory minimum of 20 years imprisonment, not 10 years, because the Government did not file a § 851 enhancement (the Court notes that the Government filed an Information to Establish Prior Conviction at Doc. No. 1102); and
> (3) enhancements under 2D1.1(b)(i) (two level increase) and 3B1.1(b) (three level increase) were not proper because they were not submitted to a jury as required by *Alleyne v. United States*, 133 S.Ct. 2151.

Defendant moves this Court to grant his petition or, in the alternative, to hold an evidentiary hearing. Doc. No. 1357. The Government opposes this Motion. After review of Defendant's Motion and brief and the Government's brief in opposition, Defendant's Motion will be DENIED.

**II.      Discussion**

Defendant's main argument is that he did not understand the implication of waiving his rights to appeal. He has attached a written statement from his former counsel, Lee Markovitz, that sets forth that "to the best of my recollection, I never explained to Deron Nixon the nature of a petition for writ of habeas corpus, and he consequently may not have understood the rights he was giving up with respect to habeas corpus when he entered into the plea agreement with the government and entered his guilty plea before the trial court." Doc. No. 1358, 15. The issue

3

presented to this Court is whether Defendant's waiver of his appellate rights was knowing and voluntary.1  *United States v. Khattak*, 273 F.3d 557, 562 (3d Cir. 2001).   It was.

As previously stated, Defendant's plea agreement contained clear and unequivocal language that Defendant "waives the right to take a direct appeal from his conviction or sentence" and "waives the right to file a motion to vacate sentence" or "any other collateral proceeding attacking his conviction or sentence."   The language in the plea agreement makes it clear that Defendant cannot appeal his sentence (except in certain limited exceptions, which do not apply). This was further explained to Defendant by the Court during the change of plea hearing (during which time Defendant was under oath and sworn to answer truthfully to all of the Court's inquiries).

The Court asked the following questions during the change of plea hearing to ensure that Defendant's change of plea was knowing, voluntary, and intelligently made:

- If you do not understand any of the questions or if at any time you wish to speak to your attorney, please say so.
- Do you understand that you or the Government have a right to appeal any sentence I impose unless you voluntarily give up that right?
- Sir, have you read and reviewed the entire agreement with your counsel?
- Do you understand all of [the plea agreement's] terms and contents?
- Do you understand everything that I've discussed with you today?

Defendant answered affirmatively to all of these questions.

During the same hearing, the Government set forth that "Mr. Nixon waives the right to take

---

1 As noted by the Government, the three considerations for the Court, when the Government seeks to enforce a Defendant's waiver of appeal rights, are: (1) the scope of the waiver, *i.e.* does it bar review of the issues presented by Defendant; (2) whether Defendant's waiver was knowing and voluntary; and (3) whether enforcing the waiver would result in a miscarriage of justice. *United States v. Jackson*, 523 F.3d 234, 243-44 (3d Cir. 2008), *see also United States v. Goodson*, 544 F.3d 529, 536 (3d Cir. 2008).   Defendant contends that his waiver was not knowing and voluntary.

a direct appeal from his conviction or sentence under Title 28, United States Code, Section 1291 or Title 18 United States Code, Section 3741 . . . ." and "Mr. Nixon further waives the right to file a motion to vacate sentence under Title 28, United States Code, Section 2255, attacking his conviction or sentence and the right to file any other collateral proceeding attacking his conviction or sentence." Doc. No. 1274, 22-23. Defendant answered affirmatively that the Government's recitation of the terms of the plea agreement was accurate. Id. at 23. Further, the Court then questioned Defendant as to whether he understood that he was "giving up [his] right to appeal both the validity of the plea and the legality of [his] sentence with only three limited exceptions" and whether he also understood that was "giving up any right [he] may have to file a motion to vacate sentence under Title 28, United States Code, Section 2255 for habeas corpus relief and the right to pursue any other collateral proceedings attacking [his] sentence." Doc. No. 1274, 25-26. Defendant answered that he understood. Id. at 26.

After review of the charges Defendant faced, the potential sentence, and the rights he would be giving up by pleading guilty, including the right to appeal his sentence, Defendant pled guilty. The Court found that Defendant was competent, understood his rights and the consequences of waiving those rights, and found him guilty of the lesser included offense at Count 1 of the Superseding Indictment. Defendant's change of plea, including his waiver of his right to appeal, was voluntary and knowing as highlighted by his plea agreement and the Court's colloquy of Defendant.

By pleading guilty, pursuant to a plea agreement that contained clear and unequivocal waiver of appeal rights, Defendant could only appeal from his sentence in three very limited circumstances. None of those exceptions apply in this case. Therefore, Defendant's Motion will

5

be denied because of his appeal waiver provisions. The Court will not address the merit of Defendant's other arguments.

### III. Conclusion/Order

AND NOW, this 10th day of July, 2014, IT IS HEREBY ORDERED THAT Defendant's Motion to Vacate under 28 U.S.C. § 2255 (Doc. No. 1357) is **DENIED**.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge


cc: All Registered ECF Counsel and Parties

Deron Nixon
USP Canaan
Reg. No. 32792-068
P.O. Box 300
Waymart, PA 18482